UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

ACQUEST TRANSIT LLC,

                Defendant.

**REPORT and RECOMMENDATION**

**09-CV-00055S(F)**

(REDACTED)

---

APPEARANCES:      ERIC H. HOLDER, JR.
                           UNITED STATES ATTORNEY GENERAL
                           Attorney for Plaintiff
                           IGNACIA S. MORENA
                           Assistant Attorney General
                           Environmental and Natural Resources Division
                           ERIC G. HOSTETLER,
                           CHRISTINA L. RICHMOND, and
                           MADELINE FLEISHER, Trial Attorneys
                           Environmental Defense Section
                           P.O. Box 23986
                           Washington, District of Columbia 20026-3986

                           SCOTT BAUER, and
                           MYRIAH JAWORSKI, Trial Attorneys
                           Environmental Enforcement Section
                           P.O. Box 7611
                           Washington, District of Columbia 20044-7611

                           CHRIS SAPORITA, Assistant Regional Counsel
                           United States Environmental Protection Agency
                           Region 2
                           290 Broadway, 16th Floor
                           New York, New York 10007-1866, of Counsel

                           WILLIAM J. HOCHUL, JR.
                           UNITED STATES ATTORNEY
                           Attorney for Plaintiff
                           JANE B. WOLFF
                           Assistant United States Attorney, of Counsel
                           Federal Centre
                           138 Delaware Avenue
                           Buffalo, New York 14202

LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Defendant
PAUL J. CAMBRIA, JR.,
DIANE MARIE ROBERTS, and
JOSEPH J. MANNA, of Counsel
42 Delaware Avenue
Suite 120
Buffalo, New York  14202

HARTER, SECREST AND EMERY LLP
Attorneys for Defendant
CRAIG A. SLATER, and
JOHN G. HORN, of Counsel
Twelve Fountain Plaza
Suite 400
Buffalo, New York  14202-2293

**JURISDICTION**

This case was referred to the undersigned by Honorable William M. Skretny on June 10, 2010, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for all pretrial matters, including preparation of a report and recommendation on dispositive motions.  The matter is now before the court for an award of remedies based on the court's findings of a violation of Judge Skretny's preliminary injunction ("Preliminary Injunction") as described in this court's Report and Recommendation ("R&R") filed August 9, 2010 (Doc. No. 76).

**BACKGROUND and FACTS**

The court presumes a familiarity with the procedural history of the matter, and findings of fact and legal conclusions as set forth in the R&R.  Based on its finding that Defendant was in violation of the Preliminary Injunction, the court directed Defendant to

provide, under seal if Defendant elected, certain information describing Defendant's financial condition to enable the court to determine and recommend to the District Judge remedial and financial sanctions for Defendant's violations. Particularly, the court directed Defendant to provide

> (a) audited income statements for Defendant's past three fiscal years;
> (b) audited profit and loss statements for Defendant's past three fiscal years;
> (c) audited balance sheets for Defendant's past three fiscal years;
> (d) audited cash flow statements for Defendant's past three fiscal years; and
> (e) current trial balance sheet for Defendant's current fiscal year.

The court also invited Plaintiff to provide an affidavit informing the court whether a sanction requiring Defendant to return at its expense the parcel to its physical condition would potentially exacerbate any damage Defendant's violations may have inflicted upon the parcel. To date, Plaintiff has failed to provide such affidavit.

In compliance with the court's direction, on August 19, 2010, Defendant submitted the Affidavit of Louis C. Fessard, Defendant's in-house counsel, ("Fessard Affidavit"), informing the court that Defendant, for cost reasons, had never prepared any of the forms of audited financial information as the court had requested and, accordingly, Defendant was unable to provide such information to the court in the form as directed. In lieu of the requested information, the Fessard Affidavit attached, as an Exhibit A, a "current trial balance" as of August 10, 2010 for Defendant which lists a number of categories pertaining to Defendant's financial status such as checking account, accounts receivables, land, various so-called capitalized project costs, accounts payable, retained earnings, rental income, legal fees, property taxes, and

mortgage interest.[1]  These items are listed by Defendant as a "Debit[s]".  Items listed by Defendant as Credits include accumulated amortization of equipment, accumulated depreciation of a nursery structure and other so-called improvements, loan fees, accounts payable, several loans payable, including a substantial mortgage which, according to Fessard Affidavit Exhibit B, ***********************, and rental income.[2]

Notwithstanding the court's reservations as to whether the Trial Balance is a properly prepared balance sheet for Defendant, or accurately portrays Defendant's current financial condition, based on its review of the Trial Balance the court concludes that during its most recent fiscal year Defendant's owned assets in excess of $**********[3] and Defendant had received income of approximately $**********[4] sufficient to pay various expenses such as legal fees, property taxes, and interest.  Thus, Defendant has both sufficient assets and cash flow to respond to a reasonable financial sanction.

Given the court's finding in the R&R that Defendant violated the Preliminary Injunction by wilfully disregarding its unambiguous prohibition on earthmoving activity on the Parcel and Judge Skretny's explicit rejection of the so-called farming exemption,

---

[1] While the court allowed Defendant to submit the requested information under seal, the court finds that the information provided in the Fessard Affidavit, including the foregoing categories of financial information, does not disclose proprietary information and therefore will not be sealed, the court will nevertheless seal Exhibit A as the specific amounts could be considered proprietary as well as Exhibit B pertaining to the status of Defendant's mortgage on the Parcel.

[2] Although this item is listed in the Credit column, so also are the substantial loans payable listed by Defendant, most logically representing Defendant's liabilities, thus raising questions as to whether the so-called Trial Balance was prepared in accordance with Generally Accepted Accounting Principles, or even by a competent accountant.

[3] Rounded.

[4] Rounded.

the court finds that financial sanctions are necessary to assure Defendant's strict compliance with the Preliminary Injunction for the duration of the instant litigation. Further, in the absence of any technical guidance as to whether ordering Defendant to cause the property to be returned to its condition prior to the established violations would cause undue additional harm to the Parcel, the court prescinds from any order to effectuate such a result. However, as a further sanction warranted by Defendant's willful disregard of the Preliminary Injunction, and as a further deterrent to any further violations, the court finds that attorneys fees should be awarded to Plaintiff. *See Pacific Gas & Electric Company,* 82 Fed.Cl. 474, 487 (Cl. Ct. 2008) (granting award of attorneys fees to United States incurred based on opponent's failure to abide by protective order) (citing *United States v. City of Jackson*, 359 F.3d 727, 732-34 (5th Cir. 2004) (awarding at local market rates attorneys fees, costs and expenses to United States in successfully obtaining order holding defendant in contempt of consent decree)).

Accordingly, the court finds that a reasonable schedule of financial sanctions in the event of any further violations of the Preliminary Injunction by Defendant to be as follows:

(1) For each day of any such violation during an initial period of 10 days: $1,000 per day.

(2) For each day during the next 10 day period: $2,000 per day.

(3) For each day thereafter: $3,000 per day.

Should Judge Skretny additionally determine Defendant's violations to have

been sufficiently contumacious, and thus an affront to the court's authority, warranting imposition of a fine, based on Defendant's conduct as demonstrated by the record, the undersigned recommends a fine in the amount of $25,000. As such fine constitutes punishment, imposition as a criminal contempt requires notice to Defendant and an opportunity to be heard in accordance with Fed.R.Crim.P. 42(a). *See Armstrong v. Guccione*, 470 F.3d 89, 101 (2d Cir. 2006) (civil contempt compels compliance with court's order; criminal contempt is "imposed to vindicate the court's authority").

## CONCLUSION

(1)	Sanctions for further violations of the court's Preliminary Injunction should be imposed against Defendant in accordance with the schedule as stated above.

(2)	Reasonable attorneys fees and costs incurred by Plaintiff in the prosecution of its motion to enforce the Preliminary Injunction should be awarded.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 25, 2010
Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
 LESLIE G. FOSCHIO
 UNITED STATES MAGISTRATE JUDGE

DATED: August 25, 2010
          Buffalo, New York