UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,                      **DECISION**
                                                                          **and**
                           Plaintiff,                   **ORDER**
        v.
                                                                  09-CV-00055S(F)
ACQUEST TRANSIT LLC,

                           Defendant.

---

APPEARANCES:         ERIC H. HOLDER, JR.
                               UNITED STATES ATTORNEY GENERAL
                               Attorney for Plaintiff
                               IGNACIA S. MORENA
                               Assistant Attorney General
                               Environmental and Natural Resources Division
                               ERIC G. HOSTETLER,
                               CHRISTINA L. RICHMOND, and
                               MADELINE FLEISHER, Trial Attorneys
                               Environmental Defense Section
                               P.O. Box 23986
                               Washington, District of Columbia 20026-3986

                               SCOTT BAUER, and
                               MYRIAH JAWORSKI, Trial Attorneys
                               Environmental Enforcement Section
                               P.O. Box 7611
                               Washington, District of Columbia 20044-7611

                               CHRIS SAPORITA, Assistant Regional Counsel
                               United States Environmental Protection Agency
                               Region 2
                               290 Broadway, 16th Floor
                               New York, New York 10007-1866, of Counsel

                               WILLIAM J. HOCHUL, JR.
                               UNITED STATES ATTORNEY
                               Attorney for Plaintiff
                               JANE B. WOLFF
                               Assistant United States Attorney, of Counsel
                               Federal Centre
                               138 Delaware Avenue
                               Buffalo, New York 14202

LIPSITZ GREEN SCIME CAMBRIA LLP
Attorneys for Defendant
PAUL J. CAMBRIA, JR.,
DIANE MARIE ROBERTS, and
JOSEPH J. MANNA, of Counsel
42 Delaware Avenue
Suite 120
Buffalo, New York  14202

HARTER, SECREST AND EMERY LLP
Attorneys for Defendant
CRAIG A. SLATER, and
JOHN G. HORN, of Counsel
Twelve Fountain Plaza
Suite 400
Buffalo, New York  14202-2293

This case was referred to the undersigned by Honorable William M. Skretny on June 10, 2010, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for all pretrial matters, including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendant's motion (Doc. No. 50), filed June 14, 2010, to vacate a preliminary injunction and for partial summary judgment, and on Plaintiff's motion (Doc. No. 72), filed July 30, 2010, seeking an order allowing discovery so as to prepare a response in opposition to Defendant's motion.

Plaintiff United States of America ("Plaintiff") commenced this action on January 15, 2009, seeking injunctive relief and civil penalties for alleged violations by Defendant Acquest Transit LLC ("Defendant" or "Acquest"), of Sections 301 and 309(d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq*., by discharging pollutants into the waters of the United States, without obtaining the requisite permits, particularly, engaging in ditching, earthmoving and fill activities on tax parcel 16.00-5-23 ("the Property"), a 96.6 acre piece of real property located in the Town of Amherst, New

York, and owned by Defendant. On July 15, 2009, District Judge Skretny entered a Decision and Order (Doc. No. 26) ("Preliminary Injunction Order") granting Plaintiff's motion for a preliminary injunction, enjoining Defendant and others acting in concert "from placing additional fill or performing any earthmoving work at the Property . . . ." Preliminary Injunction Order at 20. Defendant had argued in opposition to the motion that the Property fell within a farming exemption to the CWA.

On November 4, 2009, Defendant filed a motion (Doc. No. 35) to stay discovery ("Defendant's Motion to Stay Discovery") pending resolution of a criminal investigation involving Defendant's alleged actions with regard to the Property, maintaining that if discovery in the instant action were to proceed, Defendant's principals and officers would likely assert their Fifth Amendment rights so as not to expose themselves to criminal liability, but severely prejudicing Defendant's ability to defend against the pending civil action. On November 10, 2009, the undersigned granted Defendant's Motion to Stay Discovery (Doc. No. 36).

On May 28, 2010, Plaintiff filed a motion (Doc. No. 40) ("Plaintiff's Enforcement Motion"), seeking to enforce the Preliminary Injunction Order. In response to Plaintiff's Enforcement Motion, Defendant, on June 14, 2010, filed a cross-motion (Doc. No. 46) ("Defendant's Motion"),[1] seeking to vacate the Preliminary Injunction Order and dismissal of the CWA claims.

On July 30, 2010, Plaintiff filed a motion (Doc. No. 72), pursuant to Fed. R. Civ.

---

[1] Defendant's Motion was originally filed on June 11, 2010 (Doc. No. 45), with supporting papers, but was refiled on June 14, 2010 (Doc. No. 50), without the supporting papers, to correct co-counsel's name.

P. 56(f), requesting Defendant's Motion be denied for lack of discovery or, alternatively, to stay Defendant's Motion to permit discovery relative to the motion.

By Text Order entered August 4, 2010 (Doc. No. 74), pursuant to a discussion with the parties during a conference, in which Defendant agreed the stay was no longer necessary, the stay of discovery was vacated. On August 9, 2010, the undersigned issued a Report and Recommendation recommending Plaintiff's Enforcement Motion be granted. A Scheduling Order filed August 11, 2010 (Doc. No. 77), set April 29, 2011 as the deadline for fact discovery, with Defendant to identify any expert witnesses by May 31, 2011.

On August 13, 2010, Defendant filed the Declaration of Craig A. Slater, Esq. in Opposition to Plaintiff's Rule 56(f) Motion and in Support of Cross-Motion for Partial Summary Judgment (Doc. No. 78) ("Slater Declaration"), and the Memorandum in Support of Defendant's Opposition to Plaintiff's Rule 56(f) Motion and in Support of Cross-Motion for Partial Summary Judgment (Doc. No. 78-2) ("Defendant's Memorandum"). In opposition to Plaintiff's Motion, Defendant essentially argues that Plaintiff has already, through Plaintiff's administrative or informal investigation and observation of the Property and the alleged unlawful activities conducted upon the Property, obtained sufficient evidence to oppose Defendant's Motion, and that the Government has failed to proffer anything more than speculative assertions as to what additional evidence could be obtained by permitting discovery, but has failed to demonstrate any actual need for discovery. Defendant's Memorandum at 3-4. On August 19, 2010, Plaintiff filed the United States' Reply in Support of its Motion Pursuant to Fed.R.Civ.P. 56(f) to Deny Defendant's Partial Motion for Summary

4

Judgment (Doc. No. 79) ("Plaintiff's Reply"), asserting that Defendant has mischaracterized the factual record and relevant law, and offers no valid reason for opposing Plaintiff's opportunity for discovery in this matter. Plaintiff's Reply at 1-6.

Although Plaintiff has presumably obtained considerable administrative or informal discovery based on Plaintiff's investigation and observation of the Property, as Defendant asserts, nevertheless, it is clear there has been no formal discovery in the instant action pursuant to Fed.R.Civ.P. 26. Defendant's argument that Plaintiff has failed to demonstrate any actual need for such discovery is irrelevant given that no such demonstration is required under Rule 56(f) where there has been no opportunity for Rule 26 discovery. *See Trammell v. Keane*, 338 F.3d 155, 161 n. 2 (2d Cir. 2003) ("only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.") (internal quotation omitted). Rather, "summary judgment should only be granted '[i]f *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) (italics added). In contrast, in *Kuebel v. Black & Decker (U.S.) Inc.*, 2009 WL 1401694 *5-*6 (W.D.N.Y. May 18, 2009), cited by Defendant in opposing Plaintiff's Motion, Defendant's Memorandum at 2-3, the plaintiff's Rule 56(f) motion for an order permitting discovery in opposition to summary judgment was denied because discovery pursuant to Rule 26 had occurred, the defendant had timely responded to the plaintiff's discovery requests, and the plaintiff "had sufficient time in which to conduct discovery," yet had failed to notice any depositions to the defendant and, further, offered no

5

explanation for failing to pursue further discovery available under Rule 26. Accordingly, *Kuebel* does not support Defendant's argument opposing Plaintiff's Motion given that Plaintiff has had no opportunity for formal discovery. Similarly, in the other cases on which Defendant relies in opposing Plaintiff's Motion, there was ample opportunity for the party opposing summary judgment to obtain Rule 26 discovery. *See*, *e.g.*, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (denying nonmoving party's request for additional time to conduct discovery; no indication that the nonmoving party had been denied any opportunity to conduct Rule 26 discovery); *Gary v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991) (denying plaintiff's request "to conduct *further* discovery" to oppose summary judgment) (italics added); *MM Arizona Holdings LLC v. Bonnano*, 658 F.Supp.2d 589, 597 (S.D.N.Y. 2009) (defendant made no effort to conduct any discovery). As such, these cases also fail to support Defendant's position in opposing Plaintiff's Motion.

Plaintiff's Motion seeking denial of Defendant's Motion, or an order granting a stay of Defendant's Motion to permit discovery to the motion is, therefore, GRANTED. Furthermore, because discovery in this action is not yet complete, Defendant's Motion seeking to vacate the Preliminary Injunction Order and partial summary judgment on the CWA claims is premature and, as such, is DISMISSED without prejudice.

Based on the foregoing, Defendant's Motion (Doc. No. 50) to vacate the Preliminary Injunction Order and for partial summary judgment is DISMISSED without prejudice; Plaintiff's Motion (Doc. No. 72) for discovery is GRANTED. The parties shall proceed in accordance with the August 11, 2010 Scheduling Order (Doc. No. 77).

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 14, 2010
Buffalo, New York