UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ACQUEST TRANSIT, LLC, ACQUEST
DEVELOPMENT, LLC, and WILLIAM L.
HUNTRESS,

        Defendants,

WILLIAM L. HUNTRESS; ACQUEST         **DECISION AND ORDER**
DEVELOPMENT, LLC; and ACQUEST         09-CV-055
TRANSIT, LLC

        Consolidated Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
JUSTICE; ERIC H. HOLDER, JR., in his
official capacity as Attorney General of the
United States; WILLIAM J. HOCHUL, JR., in
his official capacity as United States Attorney
for the Western District of New York;
UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY; LISA P.
JACKSON, in her official capacity as
Administrator of the Environmental Protection
Agency; UNITED STATES DEPARTMENT
OF DEFENSE ARMY CORPS OF
ENGINEERS; and LIEUTENANT
GENERAL THOMAS P. BOSTICK, in his
official capacity as Commanding General and
Chief of Engineers, Army Corps of Engineers.

        Consolidated Defendants.

---

## I. INTRODUCTION

During the pendency of this action, Defendants William Huntress and the two companies of which he is the sole owner and member, Acquest Development LLC and Acquest Transit, LLC (collectively "Acquest"), initiated a case of their own. In that action, identified as 12-CV-1146, Acquest – now in the role of plaintiff – raised various issues related to this case, and they ultimately moved for declaratory relief and a preliminary injunction. In a written decision issued on May 24, 2013, this Court denied Acquest's motion for a preliminary injunction, converted Acquest's motion for declaratory relief into one for summary judgment, and, once converted, denied the motion. It then consolidated that case with this case. (See 5/24/13 Decision and Order; Docket No. 42 of 12-CV-1146.) Now, "[i]n an effort to fully and timely resolve certain questions of law underlying both case[s]" Acquest requests that this Court certify an interlocutory appeal under 28 U.S.C. § 1292(b). (Pl.'s Br. at 2; Docket No. 161-1.) Specifically, Acquest seeks to appeal those portions of the May 24, 2013 Decision and Order in which this Court determined that: (1) Acquest's two Section 402 permits do not shield it from all Clean Water Act enforcement actions; and (2) prior-converted cropland status can be lost through abandonment.[1] The government opposes the petition.

For the reasons that follow, the petition is denied.

## II. DISCUSSION

Twenty-eight U.S.C. § 1292(b) permits a district judge in a civil action to certify an order "not otherwise appealable" if the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for

---

[1] This Court presumes familiarity with facts. For a fuller discussion of the background, see this Court's May 24, 2013 Decision and Order. Huntress v. U.S. Dep't of Justice, No. 12-CV-1146S, 2013 WL 2297076 (W.D.N.Y. May 24, 2013).

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation certification." Even if these conditions are met, "district court judges retain unfettered discretion to deny certification of an order for interlocutory appeal." See Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999).

"[I]nterlocutory appeals are strongly disfavored in federal practice," and movants cannot invoke the appellate process "as a vehicle to provide early review [even] of difficult rulings in hard cases." In re Adelphia Commc'ns Corp., No. 02-41729(REG), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008). Thus, District Courts must ensure that § 1292(b) is "strictly construed" and they must "exercise great care in making a § 1292(b) certification." Wausau Bus. Ins. Co. v. Turner Constr. Co., 151 F. Supp.2 d 488, 491 (S.D.N.Y. 2001).

Exercising that care, this Court finds that certification is inappropriate in this case.

As the government correctly points out, Acquest's contention that there is "substantial ground for difference of opinion" rests largely on the fact that there is no reported decision directly addressing their position. But "substantial ground for difference of opinion does not exist merely because there is a dearth of cases" addressing Acquest's contentions. White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994); see also Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)) ("[J]ust because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion as will support an interlocutory appeal."). The government goes on to argue that "it is not surprising to find a dearth of cases in a situation where an extraordinarily weak argument is advanced." (Gov.'s Br. at 5.) Although this Court is not prepared to

characterize Acquest's argument as "extraordinarily weak," it does agree with the sentiment that certification is not proper simply because Acquest has advanced a novel argument. See Am. Tel. & Tel. Co. v. N. Am. Indus., Inc., 783 F. Supp. 810, 814 (S.D.N.Y. 1992) ("Although [the plaintiff's] position has not been rejected explicitly in any case disclosed by argument or research, that does not mean that a difference of opinion about it is 'substantial' as opposed to merely metaphysical.").

What is more, in this Court's view, an appeal on these issues is unlikely to succeed at this stage. As this Court previously found, Acquest's argument on the first issue, (regarding so-called permit shields) is "plainly at odds with the statutory scheme of the "C[lean] W[ater] A[ct]." And, contrary to its argument on the second issue (abandonment), "context, legislative history, and case law establish that the EPA's abandonment rule is unaffected by the 1996 Food Security Act amendments." Huntress v. U.S. Dep't of Justice, No. 12-CV-1146S, 2013 WL 2297076, at *9,*13 (W.D.N.Y. May 24, 2013). Therefore, an immediate appeal will not materially advance the termination of this litigation.

## III. ORDERS

IT HEREBY IS ORDERED that, the stay in this case is lifted for the limited purpose of issuing this Decision and Order. Thereafter, the stay will remain in place.

FURTHER, Acquest's Petition for Certification for Interlocutory Appeal of this Court's May 24, 2013 Decision and Order (Docket No. 161) is DENIED

Dated:   June 27, 2014
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        Chief Judge
                                        United States District Court