UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| | Plaintiff, | **DECISION** |
| v. | | **and** |
| | | **ORDER** |
| ACQUEST TRANSIT LLC, | | |
| ACQUEST DEVELOPMENT, LLC, | | 09-CV-55S(F) |
| MR. WILLIAM L. HUNTRESS, | | |
| | Defendants. | |

_____

APPEARANCES:   LORETTA E. LYNCH
               UNITED STATES ATTORNEY GENERAL
               Attorney for Plaintiff and Consolidated Defendants
               BRADLEY L. LEVINE, SCOTT BAUER and
               SIMI BHAT, Trial Attorneys
               Environmental and Natural Resources Division
               U.S. Department of Justice
               601 D Street, NW
               Washington, DC 20530-0001

               SNELL & WILMER, LLP
               Attorneys for Defendants
               BRADLEY R. CAHOON, of Counsel
               15 W. South Temple, Suite 1200
               Salt Lake City, Utah   84101

               RUPP BAASE PFALZGRAF CUNNINGHAM LLC
               Attorneys for Defendants
               MATTHEW D. MILLER, of Counsel
               424 Main Street, Suite 1600
               Buffalo, New York   14202

In this civil enforcement action, Plaintiff alleges violations of Sections 402 and 404 of the Clean Water Act ("CWA") which Plaintiff claims occurred on land owned by Defendants located in the Town of Amherst, New York based on dumping of fill and releasing polluted storm water on the subject land asserted by Plaintiff to be a wetland

1

subject to the CWA.  Prior to initiating this action, the United States Environmental Protection Agency ("EPA") determined Defendants' property included wetlands and that Defendants' filling, grading, and excavation activities on the property without a permit from the EPA warranted the agency issuing a cease and desist order.

Because of the pendency of a related criminal indictment charging Defendant Huntress with obstruction of justice and related offenses, *see* 13-CR-199S, the instant case has been repeatedly stayed until Judge Skretny's recent order, Doc. No. 196, vacating the stay, and remitting the matter to the undersigned to supervise pretrial discovery that may feasibly be conducted prior to the commencement of the criminal case, presently scheduled to begin January 16, 2016, in accordance with Judge Skretny's referral order filed June 10, 2010 (Doc. No. 44).

In accordance with Judge Skretny's direction, the undersigned scheduled a pretrial conference for September 9, 2015 (Doc. No. 197).  At the conference the parties informed the court that (1) limits on papers discovery and depositions had been considered by the parties but not agreed to, and (2) while the parties were in general agreement with respect to the scheduling of further discovery in the matter, the parties were in disagreement as to whether such discovery should be bifurcated.  Specifically, Plaintiff urged the court to direct that discovery proceed on all issues rather than on a bifurcated basis with the issue of whether the Defendants' property at issue is a wetland subject to Plaintiff's jurisdiction for enforcement under the CWA to be litigated first as Defendants request.

At the hearing, Defendants also asserted that in accordance with a recently decided case, *Hawkes Co. Inc. v. U.S. Army Corps of Engineers*, 782 F.3d 994 (8th Cir.

2015), *pet. for cert.* filed Sept. 8, 2012 No. 15-290 ("*Hawkes*"), Defendants were entitled to such bifurcation.  Because of Defendants' contention in reliance on *Hawkes*, the court reserved decision on whether and how to schedule further proceedings in the matter, and directed the parties to submit memoranda of law the issue raised by Defendants (Doc. No. 199).  In accordance with the court's request, Defendants filed, on September 14, 2015, their Memorandum in Support of Defendants' Proposed Discovery Sequence (Doc. No. 200) ("Defendants' Memorandum"); Plaintiff filed, on September 21, 2015, the United States' Response To Defendants' Memorandum In Support Of Defendants' Proposed Discovery Sequence (Doc. No. 201) ("Plaintiffs' Memorandum").  Oral argument on Defendants' bifurcation request was deemed unnecessary.

Upon review, the court finds *Hawkes* distinguishable in material respects from the instant matter and thus not controlling on Defendants' bifurcation request.  As Defendants note, Defendants' Memorandum at 3-4, in *Hawkes* the issue was whether a "jurisdictional determination" made by the U.S. Army Corps of Engineers ("Corps") that plaintiff's proposed peat mining would not be approved because the land to be mined by plaintiff were wetlands and, because of its proximity to the Red River of the North in that area of Minnesota, were U.S. waters subject to the Corps' regulatory authority under the CWA, and, accordingly, the Corps refused to issue plaintiff a permit to engage in peat mining on the property.  Defendants' Memorandum at 14.  In response to the Corps' refusal, Plaintiff sued for judicial review of the jurisdictional determination under the Administrative Procedure Act ("APA").  The District Court dismissed on the ground that the Corps' decision was not a final agency decision and, as such, was not ripe for review under the APA.  *Id.*  The Eighth Circuit reversed finding the Corps' jurisdictional

determination was final for APA purposes because otherwise the plaintiff as an aggrieved party would have no effective recourse thereby seriously infringing upon plaintiff's property interest, plaintiff's option to purchase the land upon which plaintiff intended to carry on plaintiff's peat mining business.  Defendants' Memorandum at 15-16 quoting *Hawkes*, 782 F.3d at 1001-1002.  The Eighth Circuit therefore emphasized that unless judicial review of the Corps' assertion of authority over the putative mining property as a wetland protected by the CWA were subject to prompt judicial review, plaintiff could be deprived of any such review whatsoever.  *Id.*

Of course, as Plaintiff points out, Plaintiff's Memorandum at 4, no such supposed fundamental unfairness to Defendants will occur here as Plaintiff's instant enforcement action includes the very issue of whether the CWA reaches Defendants' property as Plaintiff has alleged and Defendants vigorously dispute.  Moreover, Defendants have commenced an APA action seeking judicial review of the EPA's determinations of CWA jurisdiction over Defendants' property prerequisite to the EPA's cease and desist orders directed to Defendants, Defendants' Memorandum Exhs. C & D, which, because of Defendants failure to comply, led directly to the instant action.  *See Huntress, et al. v. Mugdan, et al.*, 12-CV-559S.  Defendants' APA action remains pending before Judge Skretny.  Thus, while the court is sensitive to Defendants' desire for an early determination of the so-called jurisdictional issue in this case, Defendants' reliance on *Hawkes* for Defendants' proposed bifurcated discovery plan is misplaced.  Further, as Plaintiff points out, the court previously rejected such bifurcation in a similar case involving another parcel owned by a related entity, *United States v. Acquest Wehrle, LLC*, 09-CV-637C(F), *see* Decision and Order dated September 23, 2010, Doc. No. 54,

in order to avoid practical inefficiencies likely to arise from inevitable discovery disputes based on potentially complicated relevancy issues.  Defendants' Memorandum at 4.  Finally, although the proposed discovery plans by the parties are identical, the parties indicate the court's order should exclude any deposition of Defendant Huntress, Defendants' Memorandum at 19, and "party witnesses."  *See* Doc. No. 201-1, Declaration of Simi Bhat, Trial Attorney, Environmental Defense Section, U.S. Department of Justice ¶ 5.  However, as Defendant Huntress has, in support of Defendants' motion to lift the stay in this case, waived his Fifth Amendment privilege, *see* Declaration of Matthew D. Miller, Esq. In Support of Defendants' Second Motion to Vacate the Stay (Doc. No. 189-1) ¶ 25, no such limitation is necessary as to Huntress.  Assertions of Fifth Amendment privilege in connection with any depositions of other witnesses, if any, will be addressed by the court when and if raised by a witness upon motion.

## CONCLUSION

Based on the foregoing, Defendants' request for a bifurcated Scheduling Order is this case is DENIED.  The parties shall proceed in accordance with the court's Scheduling Order pursuant to Fed.R.Civ.P. 16(b) filed contemporaneously herewith.  SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: October 15, 2015
      Buffalo, New York