UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                      Plaintiff,                       **DECISION**

     v.                                                      **and**

ACQUEST TRANSIT LLC,                                      **ORDER**
ACQUEST DEVELOPMENT, LLC,                      **09-CV-55S(F)**
MR. WILLIAM L. HUNTRESS,

                        Defendants.
_____

APPEARANCES:    LORETTA E. LYNCH
                           UNITED STATES ATTORNEY GENERAL
                           Attorney for Plaintiff and Consolidated Defendants
                           BRADLEY L. LEVINE, SCOTT BAUER and
                           SIMI BHAT, Trial Attorneys
                           Environmental and Natural Resources Division
                           U.S. Department of Justice
                           601 D Street, NW
                           Washington, DC 20530-0001

                           SNELL & WILMER, LLP
                           Attorneys for Defendants
                           BRADLEY R. CAHOON, of Counsel
                           15 W. South Temple, Suite 1200
                           Salt Lake City, Utah   84101

                           RUPP BAASE PFALZGRAF CUNNINGHAM LLC
                           Attorneys for Defendants
                           MATTHEW D. MILLER, of Counsel
                           424 Main Street, Suite 1600
                           Buffalo, New York   14202


       In this action pursuant to the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, ("The Clean Water Act" or "the Act") alleging Defendants had unlawfully polluted wetlands located on Defendants' property, Plaintiff obtained, on July 15, 2009, a preliminary injunction prohibiting, as relevant, Defendants from "placing additional fill or performing

any additional earthmoving work at the property." Dkt. 26 at 20. Upon discovering apparent violations of the injunction by of altering and tilling a portion of the property the court found, after a two-day hearing, Defendants in violation of the injunction, and awarded sanctions in the amount of a $25,000 fine and attorneys fees and costs incurred by Plaintiff in obtaining such relief. Dkts. 76, 83, 105 ("the Preliminary Injunction"). By papers filed November 7, 2011, Plaintiff requests $72,587.50 in attorneys fees and $3,515.34 in related costs for services performed by Plaintiff's attorneys, then members of the U.S. Department of Justice's Environment and Natural Resources Division ("ENRD"), specifically Eric Hostetler, Scott Bauer, Christina Richmond, and Madeline Fleisher, at the hourly rate of $200 for Mr. Hostetler and Mr. Bauer and $150 for Ms. Richmond and Ms. Fleisher ("Plaintiff's attorneys"). Dkt. 153 at 5. Although Plaintiff's attorneys do not, as government attorneys, maintain contemporaneous hourly-based time records, Dkt. 153 at 6, Plaintiff's attorneys provided estimates of the time expended in prosecuting the Preliminary Injunction based on an ENRD attorney time keeping system. Dkt. 153-4 ¶ 7. According to the record, Plaintiff's attorneys filed 10 documents, including four briefs and a memorandum, and two responses to Defendants' objections to the undersigned's Reports and Recommendations (Dkt. 87, 92). Additionally, Plaintiff's attorneys participated in a two-day evidentiary hearing conducted by the court, Dkt. 153 at 6-7, involving three witnesses and several photographs of the Defendants' property. *Id.* Plaintiff's attorneys seek reimbursement for Mr. Hostetler's 111.5 hours; Mr. Bauer's 24 hours; Ms. Richmond's 242.5 hours; and Ms. Fleisher's 60.75 hours, Dkt. 153 at 8, and related travel expenses and other costs such as hearing transcripts in the total amount of $3,515.34 ("Plaintiff's Application").

In opposition, Defendants contend that the court should defer making any award until the question of whether Defendants' property falls within the definition of waters of the United States, the so-called "jurisdictional" question remaining to be adjudicated in the case is decided, Dkt. 166 at 3, 4-5, and that the reimbursement sought by Plaintiff is insufficiently documented and otherwise excessive. *Id.* at 6-9.[1] Alternatively, Defendants maintain that any award be paid to the court pending determination of the "jurisdictional" question. Dkt. 166 at 9. In particular, Defendants contend that Plaintiff's attorneys failed to submit contemporaneous hourly-based time records, *id.* at 6, and that the Plaintiff's attorneys' block time recapitulations are insufficiently detailed. *Id.* at 7. Defendants therefore urge that the court exercise its discretion to make an across-the-board reduction in order to arrive at a more reasonable time for the Plaintiff's attorneys' involvement in obtaining the Preliminary Injunction. *Id.* at 8-9.

Carefully read, Defendants' contentions do not dispute Defendants are subject to sanctions based on the court's finding Defendants willfully violated the Preliminary Injunction. Rather, Defendants argue the unresolved "jurisdictional" question should excuse Defendants' violations on the theory that if it is ultimately determined that the wetlands on Defendants' property are not within the purview of the Clean Water Act because of the absence of sufficient geologic and hydrologic connections to waterways that are subject to federal protection under the Act, the basis for the Plaintiff's suit would be removed, and Defendants could not therefore be guilty of having violated the Preliminary Injunction. Dkt 166 at 5 ("Reserving decision will prevent additional unnecessary prejudice to . . . [Defendants] that will inevitably result if . . . [Defendants]

---

[1] This matter was stayed on November 17, 2011, Dkt. 155. Defendants' opposition to Plaintiff's Application was filed July 15, 2013. The stay was lifted on June 29, 2015, Dkt. 196.

[are] forced to pay fees and costs to the government for time spent in connection with improperly obtaining an injunction related to property over which it cannot lawfully assert jurisdiction."). This notion is based on a fundamental misunderstanding of the nature and purpose of preliminary injunctive relief pursuant to Fed.R.Civ.P. 65(a) which is, of course, to preserve the *status quo* until the merits of a case are determined in order to avoid potential irreparable injury to a plaintiff pending the outcome of the case. *Biosafe-One, Inc. v. Hawks*, 524 F.Supp.2d 452, 461 (S.D.N.Y. 2007) ("A trial court has discretion to fashion a preliminary injunction that will preserve the *status quo* pending a trial on the merits." (citing *Arthur Guinness & Sons, PLC v. Sterling Pub. Co.,* 732 F.2d 1095, 1099 (2d Cir. 1984))). It is basic that a party subject to preliminary injunction has a duty to comply therewith unless the injunction is modified before the party subject to the injunction attempts to act in violation of it. *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.*, 445 U.S. 375, 386 (1979) (applying as "established doctrine that persons subject to an [preliminary] injunctive order . . . are expected to obey that decree until it is modified or reversed, even if they have proper grounds to object to the order.") (citing cases). "Even though the restraining order or injunction is entered by the court erroneously or irregularly it must be obeyed until it is withdrawn or dissolved and the failure to obey is no less contempt because the order or injunction is subsequently found to have been irregularly or erroneously entered." William de Funiak, HANDBOOK OF MODERN EQUITY (Little Brown and Company 1956). *See also Matrix Essentials, Inc. v. Quality King Distributors, Inc.*, 324 Fed.Appx. 22, 25 (2d Cir. 2009) ("Generally, injunctions and restraining orders must be obeyed until overturned, and failure to do so is punishable as contempt even though the order is later overturned.") (internal citation omitted). This fundamental rule is based on the need to maintain "'respect for the

4

judicial process.'" *GTE Sylvania, Inc.*, 445 U.S. at 387 (quoting *Walker v. City of Birmingham*, 388 U.S. 307, 321 (1967)).  Failure to comply, regardless of the eventual outcome of the case on the merits, amounts to a contempt of the court issuing the injunction severely undermining the court's authority and its ability to effectively exercise its equitable power.  *See GTE Sylvania, Inc.*, 445 U.S. at 386.[2]  Condoning such a reproach to the court equitable power by excusing a party's violation *ab initio*, because the party had eventually prevailed on the merits, seriously impairs the court's ability to fairly and accurately determine the merits of the action, as may well have occurred in this case by the Defendants' tampering with the topographical features of the wetland property as found by the court which is the subject of Plaintiff's lawsuit and the prevention of which was the purpose of the Preliminary Injunction.  In this case, the court found that coercive sanctions against Defendants were required because Defendants' violations had altered substantial portions of the property, through Defendants' unauthorized tilling, crop growing, tree plantings, and a drainage ditch alteration.  Dkt. 76 at 15-18.  Thus, accepting Defendants' argument may encourage a defendant to risk violating a preliminary injunction, hoping, like Defendants, to ultimately prevail as to the merits and avoid sanctions, thereby vitiating the very purpose of the injunction.  A result so contrary to well-established tenets cannot be allowed. Defendants' requests that the court should defer consideration of Plaintiff's Application until a final determination on the merits of the "jurisdictional issue," or direct payment into a court fund are accordingly without merit.

---

[2]   Although, an injunction issued by a court without jurisdiction over the subject matter of the case cannot be the basis of a sanction for its violation, *see Emery Air Freight Corporation v. Local Union 295*, 449 F.2d 586, 592 (2d Cir. 1971) ("if a court is 'without jurisdiction' to enter a restraining order, the order is void and violations may not be punished . . .."), the "jurisdiction issue" Defendants reference is the question of applicability of the Act to Defendants' property, not to subject matter jurisdiction of the court over this case.

Turning to Defendant's contention that Plaintiff's Application is insufficiently supported, Defendants' contention that in a case, like this one, involving government attorneys, attorneys fees may not be awarded without supporting contemporaneous time records is also without merit.  *See Perez v. Lasership, Inc.*, 2015 WL 8750965, at **2, 7 (D. Conn. Dec. 14, 2015) (finding that U.S. Dep't of Labor lawyers accounted for time expended on enforcement of the matter using contemporaneous time entries as part of department's Matter Management System satisfied contemporaneous record keeping requirement supporting award of attorneys fees) (applying *New York State Ass'n. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) (requiring contemporaneous time records for award of reasonable attorneys fees)).  Here, the Plaintiff's use of the ENRD attorney record keeping system provides an adequate basis upon which to determine Plaintiff's Application.  *Id.*  However, as to Defendants' contention that the total amount of hours Plaintiff's attorneys devoted to the matter is excessive, the court agrees.  While there is no gainsaying the importance of the instant matter raising questions regarding the applicability of the Act to Defendants' property, nevertheless the court is limited to an award of reasonable attorneys fees.  *Perez*, 2015 WL 8750965, at *1 (D.Conn. Dec. 14, 2015) (citing *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 108 (2d Cir. 2014)).  Here, the proof at the evidentiary hearing, over which the undersigned presided, was based on three witnesses, including a local U.S. EPA agent, and several photographs.  The testimony was relatively straightforward and did not require extensive cross-examination.  Defendants' were represented at the hearing and on post-hearing briefing by two attorneys, Joseph J. Manna and Diane Marie Roberts.  Accordingly, despite the fact that Plaintiff's attorneys were required to carefully investigate the merits of Defendants' suspected violation of

the Preliminary Injunction, as Plaintiff maintains, Dkt. 167 at 5, the court finds that Plaintiff's significantly overstaffed Plaintiff's prosecution of the enforcement proceedings.  Thus, the court finds that the reimbursable time for Plaintiff's senior attorneys should be reduced by 50% from 135.5 hours to 68.  The court also reduces by 50% Plaintiff's request for the time incurred by Plaintiff's two associate attorneys from 303.25 hours to 152 (rounded) hours.  *See Perez*, 2015 WL 8750965, at *7 (reducing by 50% plaintiff's fee request to account for the "deficiency" in plaintiff's time records).  *See also Lochren v. County of Suffolk*, 344 Fed.Appx. 706, 709 (2d Cir. 2009) (approving in discretion of district court 25% reduction in attorney fee application based on use of "unnecessary personnel"); *General Electric Company,* 1997 WL 397627, at **5-6 (S.D.N.Y. July 3, 1997) (approving 40% reduction in fee application based on, *inter alia,* attorney "overstaffing").  Additionally, in the exercise of its discretion the court further reduces Plaintiff's request by 25% to account for potential redundancy, fat-trimming and block-billing.  *See Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1457881, at *4 (W.D.N.Y. Apr. 14, 2016) (applying 15% fat-trimming reduction to eliminate possible redundancy and excessive time where attorney used block-billing).

     As to the reasonable hourly rate for the time devoted to the matters by the two senior attorneys, Eric Hostetler and Scott Bauer, the court finds $200/hr. to be reasonable in this market for counsel like Mr. Hostetler and Mr. Bauer with over 10 years experience at the time of Plaintiff's sanctions motion.  *See Williams v. Beemiller*, 2010 WL 891001, at *4 (W.D.N.Y. Mar. 10, 2010) (approving $200/hr. for attorneys over 10 years of experience).  By the same token, the court finds $150/hr. to be a reasonable billing rate for associates Ms. Richmond and Ms. Fleisher during the relevant period with both then having approximately three years of experience.  *Id.* ($150/hr. reasonable

7

hourly rate for associate attorneys).  Significantly, Defendants do not challenge Plaintiff's proposed hourly rates.  Multiplied by a reasonable hourly rate of $200/hr. equals $13,600 (rounded) for Plaintiff's two senior attorneys.  Using the same formula, the reasonable number of reimbursable hours for Plaintiff's associate attorneys is 152 (rounded) multiplied by $150/hr. and the reimbursable amount of these attorneys is therefore $22,800.  Added to $13,600, the reimbursable amount for Plaintiff's two senior attorneys, results in $36,400 for Plaintiff's attorneys fees.  Reducing by an additional 25% to trim the fat nets $27,300 total reimbursable fees.  Additionally, Plaintiff seeks reimbursement for travel expenses associated with the evidentiary hearing conducted over two-days in the amount of $2,844.52 plus $670.82 for hearing transcripts, Dkt. 153-1 at 8-9; neither amount is opposed by Defendants.  Accordingly, the total amount of Plaintiff's attorneys fees and costs awarded to Plaintiff in connection with enforcement of the Preliminary Injunction is $30,815 (rounded).

## CONCLUSION

Based on the foregoing, Plaintiff's Application in the amount of $30,815 to be paid by Defendants is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  June 29, 2016
            Buffalo, New York