UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,
                                 Plaintiff,                  **DECISION**
    v.                                                     **and**

ACQUEST TRANSIT LLC,                                **ORDER**
ACQUEST DEVELOPMENT, LLC,                   **09-CV-55S(F)**
MR. WILLIAM L. HUNTRESS,

                                Defendants.
_____

       In its Decision and Order filed February 21, 2017 (Dkt. 244), the court directed Plaintiff to submit certain withheld documents based on the attorney-client privilege created prior to October 10, 2007 for *in camera* review.  In accordance with that direction, Plaintiff, by letter dated March 3, 2017 (Dkt. 248), submitted a copy of an e-mail from EPA supervisor Daniel Montella to EPA scientists David Pohle ("Pohle") and Mary Anne Thiesing ("Thiesing") who have also been recently designated as Plaintiff's testifying experts pursuant to Fed.R.Civ.P. 26(a)(2).  Montella is Pohle's supervisor.  The e-mail communicates advice received by EPA's regional counsel Phyllis Feinmark from Plaintiff's then DOJ attorney Eric Hostetler regarding the need and process by which to inspect Defendant's Transit Road property which is the subject of the instant action under the Clean Water Act.

       It is established law that the privilege will be lost if information within the privilege is communicated by a client to persons within the client's organization as to whom the client cannot show a need-to-know the withheld information.  *See Robbins & Myers, Inc. v. M.J. Huber Corp.*, 274 F.R.D. 63, 94 (W.D.N.Y. 2011) (citing caselaw).  Here, as EPA scientists who eventually inspected the property and prepared reports pursuant to an

administrative warrant issued by this court in July 2008, both Pohle and Thiesing had good reason to need to know what Hostetler's advice was regarding his recommended inspection procedures for the property. Accordingly, by sending the e-mail containing such advice to Pohle and Theising, Montella did not breach the confidential and privileged nature of Hostetler's advice which itself was well within the scope of the privilege. See *Robbins & Myers, Inc.,* 274 F.R.D. at 84 (citing *Diversified Grp., Inc. v. Daugerdas*, 304 F.Supp.2d 507, 512 (S.D.N.Y. 2003) (the attorney-client privilege exists to protect both attorney's giving of professional advice to client, as well as client's communications to attorney to enable attorney 'to give sound and informed advice'") (citing *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981)). Thus, the privileged nature of Hostetler's communication to Feinmark and in turn to Montella attaches to Montella's e-mail and therefore the e-mail to Pohle and Thiesing remains within the privilege and need not be produced to Defendants.[1]

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
  LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 7, 2017
        Buffalo, New York

---

[1] A copy of the Montella e-mail will be retained by the court under seal as a Court Exhibit to facilitate potential judicial review.